UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 97-4377

CALVIN TYRONE YOUNG,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 97-4422

ALVIN YOUNG, JR.,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Salisbury.
N. Carlton Tilley, Jr., District Judge.
(CR-96-243-4-1)

Submitted: December 16, 1997

Decided: January 5, 1998

Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina; Michael

A. Grace, MICHAEL A. GRACE, P.A., Winston-Salem, North Carolina; Lisa S. Costner, Winston-Salem, North Carolina, for Appellants. Walter C. Holton, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants, brothers Alvin Young, Jr., and Calvin Young, were convicted pursuant to their guilty pleas of one count of conspiracy to distribute crack cocaine. In these consolidated appeals, both men assert that the district court erred by not granting them a downward adjustment for acceptance of responsibility under USSG § 3E1.1.* In addition, Alvin Young challenges the district court's decision not to classify him as a minor participant under USSG § 3B1.2(b), and Calvin Young alleges that the district court erroneously classified him as a career offender pursuant to USSG § 4B1.1. Finding no reversible error, we affirm.

Appellants sold crack cocaine from their homes. Local law enforcement personnel targeted Appellants for a sting operation. Undercover agents and informants made nine controlled purchases of crack from Calvin Young totaling approximately thirty-one grams. Operatives made another controlled buy from Alvin Young totaling approximately ninety-one grams. Alvin Young made at least two telephone calls to arrange this last transaction, and some of the conversations were recorded.

_____

*United States Sentencing Guidelines Manual§ 3E1.1 (1996).

2

Appellants contend that their base offense levels should be reduced for acceptance of responsibility because they pled guilty and did not challenge the drug amounts at trial. We disagree. Appellants bear the burden of showing that they are entitled to the reduction, and the reduction is only appropriate when the defendant has shown an affirmative acceptance of responsibility for his behavior. See United States v. Harris, 882 F.2d 902, 906-07 (4th Cir. 1989). We find that Appellants failed to meet this burden. Appellants refused to talk to the probation officer about any drug transactions except those in which they were caught "red-handed." Alvin Young even refused to discuss the events that led to his arrest. Under the circumstances, we find that the district court's decision to deny Appellants' request for a downward adjustment was supported by the record and not clearly erroneous.

Alvin Young bears the burden of showing that he is entitled to a reduction in his base offense level for being a minor participant, and we will not reverse the district court's factual determination on this issue unless it was clearly erroneous. United States v. Campbell, 935 F.2d 39, 46 (4th Cir. 1991). We find that the record amply supports the district court's decision. While Alvin Young may have only participated directly in one of the ten controlled buys, this transaction accounted for the largest portion of the total drug sales, and Alvin Young clearly played a major role. Moreover, the district court was authorized to look at all of the relevant conduct and not just at the offense of conviction. See United States v. Fells, 920 F.2d 1179, 1182-84 (4th Cir. 1990). Although the district court rejected a large portion of the testimony concerning Appellants' drug activities, it nevertheless found that Alvin Young was more involved in the drug business than the one transaction suggested. As a result, we find that Alvin Young failed to show that he was less culpable than other members of the conspiracy.

We review the district court's classification of Calvin Young as a career offender de novo. United States v. Johnson, 114 F.3d 435, 444 (4th Cir.), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3262 (U.S. Oct. 6, 1997) (No. 97-5705). A defendant is a career offender if: (1) he was at least eighteen years old at the time of the instant offense; (2) the instant offense is a felony involving either a crime of violence or a controlled substance; and (3) he has at least two prior felony convic-

3

tions (i.e., punishable by more than one year in prison) of either a crime of violence or a controlled substance. USSG§ 4B1.1. Calvin Young only challenges the district court's determination that he satisfied the third element. The district court found that Calvin Young was previously convicted in state court for assault with a deadly weapon and assault on a female. At the time his convictions were sustained, both crimes were punishable by more than one year in prison. In 1994, however, the North Carolina Legislature reclassified these and other crimes and changed the maximum punishment for both crimes to 150 days.

Calvin Young concedes that the operative date in applying USSG § 4B1.1 is the date the prior convictions were sustained rather than the date of sentencing in the present case. See Johnson, 114 F.3d at 444-45. However, Calvin Young asserts that this creates two classes of defendants (one whose convictions were sustained prior to the 1994 reclassification and another whose convictions were sustained after) in violation of his equal protection rights. We disagree. This court rejected a similar argument in United States v. Inglesi, 988 F.2d 500, 503 (4th Cir. 1993) (alleged disparity in the use of juvenile records in calculating criminal history scores). We find that the sentencing provision here has a rational basis and is not based on an arbitrary distinction. Moreover, as in Inglesi, Calvin Young failed to produce any evidence of actual sentencing disparities caused by this provision.

We therefore affirm Appellants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4